(No. 82-CC-2788—

*In re* APPLICATION OF GEORGE REDMAN, SR.

*Opinion on denial of section 2-1401 petition filed October 7, 1982.*

GEORGE REDMAN, SR., *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (FRANCIS DONOVAN, Assistant Attorney General, of counsel), for Respondent.

## OPINION ON DENIAL OF SECTION 2-1401 PETITION

ROE, C. J.

This is a claim allegedly arising out of the death of a deputy sheriff seeking payment of compensation to the decedent's beneficiary pursuant to the Law Enforcement Officers and Firemen Compensation Act (hereinafter referred to as the Act). Ill.Rev.Stat. 1981, ch. 48, par. 281 *et seq.*

The date of Applicant's decedent's death was alleged to have been August 12, 1974. According to section 3 of the Act (Ill.Rev.Stat. 1981, ch. 48, par. 283), in order for compensation to be awarded by this Court, a claim therefor must be made within a year of the death of the law enforcement officer. The instant claim was filed on June 28, 1982, nearly eight years after the decedent's death. This alone is sufficient to mandate our denial of an award.

A claim based upon the same incident involving the same decedent and filed by the same Applicant herein was previously presented to this Court which claim was entitled *George Redman, Sr. v. State of Illinois* (1979), 32 Ill.Ct.Cl. 1031. A claim for benefits under the Crime Victims Compensation Act (Ill.Rev.Stat., ch. 70, par. 71 *et seq.*) was also filed. (See 32 Ill.Ct.Cl. 1005.) Both claims were determined to be noncompensable primarily due to the failure of the Applicant to sustain his burden of proving that the decedent lost his life as a result of injury received in the active performance of duties as a law enforcement officer and/or that he lost his life as a result of a crime. In such a situation the doctrine of *res judicata* applies and therefore this claim would be barred on a second ground.

However, attached to the application in the case at bar is an affidavit by the Applicant stating that new evidence has been discovered which allegedly shows that the decedent was killed in the line of duty. Several pages of testimony of a witness in an unidentifiable type of hearing entitled "Partial Transcript of Proceedings" was filed along with the application. Applicant apparently filed this second application as a "Section 72 request" as he refers to it in his affidavit. We infer that he is referring to section 72 of the Illinois Civil Practice Act, (Ill.Rev.Stat. 1981, ch. 110, par. 72), which was renum-

bered section 2-1401 of the same chapter by amendment effective July 1, 1982.

According to section 2-1401(c) (Ill.Rev.Stat. 1981, ch. 110, par.2-1401(c)), petitions for relief in the nature of that which the Applicant is seeking must be filed not later than two years after the entry of the order of judgment. The final order in case No. 00092, Applicant's previous claim, was entered on April 2, 1979, a point in time more than three years prior to the filing of the petition at bar. Therefore, construing the application as a petition for relief under the above cited provision of the Civil Practice Act, we are constrained by law to deny it as being untimely.

It is hereby ordered that this claim be, and hereby is, dismissed.